UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 |
| | ) | |
| DALE BOHNE and | ) | CASE NO. 12-43651 |
| SANDRA BOHNE, | ) | |
| | ) | JUDGE SCHMETTERER |
| DEBTOR, | ) | |
| | ) | |
| ROBERT B. KATZ, not individually but | ) | |
| as Trustee for the Chapter 7 Estate of Dale | ) | |
| and Sandra Bohne, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | ADV. NO. 13-01111 |
| DALE BOHNE AND DWIGHT BOHNE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Comes Now the Plaintiff, Robert B. Katz, Trustee of the Chapter 7 Estate of Dale and Sandra Bohne filing this his Proposed Findings of Fact and Conclusions of Law as follows:

### Proposed Findings of Fact

1. This case was commenced on November 1, 2012, by the filing of a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code by Dale and Sandra Bohne, and is currently pending thereunder.

2. Defendant Dale Bohne (hereinafrer "Debtor") is the Debtor herein, and currently resides at 1246 Terrace View Drive, Aurora, IL 60504.

3. On or about February 13, 2013, less than 180 days after the date of the filing of the petition herein, Debtor's mother, Diane J. Bohne (the "Decedent"), died.

4. The Decedent left no Last Will and Testament, but a probate estate has been opened for independent administration in the Circuit Court of Cook County, Case No. 2013 P 1035

(the "probate estate").

5. Defendant Dwight Bohne, who currently resides at 1102 Oak Ridge Drive, Streamwood, IL 60107, is the brother of Debtor and, on information and belief, the Administrator of the probate estate.

6. Debtor is one of four children of Diane Bohne and an heir at law of the Decedent.

7. As the estate administrator, Dwight Bohne is a "Custodian" of all of the assets subject thereto, holding all such assets for the benefit of the heirs of the Decedent.

## Conclusions of Law

8. This adversary proceeding is brought pursuant to Bankruptcy Code Sections 105(a), 521(a)(4), 541(a)(1) and (a)(3), 542(a) and 543(b). Jurisdiction over this adversary proceeding is predicated upon 28 U.S.C. § 1334(b) and the Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois referring bankruptcy matters to this Court. This matter is a core proceeding as set forth in 28 U.S.C. § 157(a)(2)(E).

9. Venue of this proceeding in this Court is proper pursuant to 28 U.S.C. § 1409(a).

10. Bankruptcy Code Section 541(a) provides:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ...
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>
> (A) by bequest, devise or inheritance; ...

11. Bankruptcy Code Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

12. All interests of Debtor as an heir of the Decedent, including all rights of the Debtor to participate as a party in interest in the probate proceeding, referenced in Paragraph 4 above, constitute property of the bankruptcy estate pursuant to Bankruptcy Code Sections 541(a)(1) and (a)(3).

13. Bankruptcy Code Section 521(a)(4) requires Debtor, Dale Bohne to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

14. Bankruptcy Code Section 543(b) requires the custodian, Dwight Bohne, as administrator of the decedent's probate estate to:

> (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

> (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents or profits of such property, that, at any time, came into the possession, custody or control of such custodian.

15. Bankruptcy Code Section 542 provides and requires the Debtor, Dale Bohne as follows:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property of the value of such property, unless such property is of inconsequential value or benefit to the estate.

16. Debtor's distributive share of the assets in the decedent's probate estate constitutes property that the trustee may use, sell, or lease under section 363 of the Bankruptcy Code.

Respectfully submitted,

/s/ Elizabeth A. Bates /s/

*[handwritten signatures]*

12/31/13